MERSHON *v.* THE RAMAPO.[1]

*(District Court, E. D. New York.* May 29, 1888.)

COLLISION—BETWEEN STEAM AND SAIL—CHANGE OF COURSE—EVIDENCE.
The schooner M. and a car-float in tow of the tug R. collided near the mouth of the Kill von Kull. The tug alleged that the schooner did not hold her course. The schooner's crew, and the master of another schooner in the vicinity at the time, testified that she did. *Held*, that the account of the collision given by the master of the tug was highly improbable; that the schooner did not change her course, and was entitled to recover her damages.

In Admiralty. Libel for damages.
*Carpenter & Mosher*, for libelant.
*Wilcox, Adams & Macklin*, for claimant.

BENEDICT, J. . This is an action to recover for damages to the libelant's schooner, the George B. Markle, caused by a collision between that schooner and a car-float, at the time in tow of the tug Ramapo. The collision occurred near the mouth of the Kill von Kull, in November, 1886. The wind was from the south-east,—a good sailing breeze,—the tide was ebb, the schooner was beating out close-hauled on the starboard tack, sailing under a jib, foresail, and a reefed mainsail. The weather was clear. The question of the case is whether the schooner held her course. On the part of the schooner, the testimony of the master and the two men composing the crew is positive to the effect that the schooner held her course, and they are confirmed by the testimony of the captain of the schooner Niantic, which was sailing into the Kills as the Markle was beating out. This witness testifies that the Markle was close to the wind all the time, and never changed. In opposition to the testimony produced by the libelant, the master of the Ramapo gives upon the stand a remarkable statement. He testifies to five successive luffs of the schooner, and five successive alarms given by him, and that the schooner fell off four times, all after she came in sight upon the starboard tack. This account of the collision differs from the account set forth in the answer,

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

and differs from the account given by the other witnesses called on behalf of the claimant to testify to a failure on the part of the schooner to hold her course, and is highly improbable.    In view of such an account given by the master of the tug, I have little hesitation in believing the account given by the master of the schooner.    According to that account, no fault was committed in the management of the schooner.    The decree must be for the libelant, with costs, and a reference to ascertain the amount of damages.